

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Laura M. Ruppersberger*  *36 S. Charles Street*  *DIRECT: 410-209-4818*
*Special Assistant United States Attorney*  *Suite 400*  *MAIN: 410-209-4800*
*Laura.Ruppersberger@usdoj.gov*  *Baltimore, MD 21201-3119*  *FAX: 410-962-3124*

April 19, 2022

The Honorable Richard D. Bennett
United States District Judge
101 W. Lombard Street
Baltimore, Maryland 21201

      Re:    Sentencing in *United States v. Michael Eaddy*
              <u>Criminal No. RDB-20-0199</u>

Dear Judge Bennett:

      The Defendant, Michael Eaddy, is scheduled for sentencing on April 26, 2022, at 2:30 p.m. As explained below, a sentence of **96 months' imprisonment** in the custody of the Bureau of Prisons, to be followed by a **term of supervised release of three years**, is sufficient, but not greater than necessary, to comply with the goals of sentencing set forth in 18 U.S.C. § 3553(a).

### I.    Factual Background

      The Government incorporates the facts in the Presentence Investigation Report ("PSR") and the statement of facts filed in support of the Defendant's plea agreement. ECF Nos. 50, 44.

      On March 7, 2020, a detective with the Baltimore Police Department (BPD) began conducting covert surveillance in the 600 block of North Edgewood Road in Baltimore, Maryland. Beginning around 4:30 pm, the detective observed the Defendant, Michael Eaddy, make at least two hand-to-hand drug transactions. The Defendant's first sale was to an unidentified male, and his second was to a female passenger in a Kia Optima. The detective captured portions of these transactions with a camcorder. He then notified the arrest team.

      The arrest team located and stopped the Kia several blocks away from the Defendant. As a BPD detective approached the vehicle, he noticed the passenger shove something into her waistband. The detective asked the passenger to hand over the items in her waistband, and she then gave him two clear gel caps containing fentanyl.

      The arrest team then arrived at the 600 block of North Edgewood Road to arrest the Defendant. As they exited their vehicles and tried to arrest the Defendant, he attempted to flee and was brought to the ground. Once he was handcuffed, the Defendant exclaimed, "It's right in my pocket. Right here in my pocket. Other pocket – the other pocket. Coat pocket. I'm letting you

know!" Detectives then recovered a SCCY CPX-2 9mm semi-automatic pistol, bearing serial number 363448, from the Defendant's coat pocket.

The detectives also recovered six Ziploc bags with marijuana. The Defendant was transported back to the Southwestern District station. At the station, the detectives recovered an additional three grams of cocaine from the Defendant's waistband.

## II. Sentencing Guidelines and Criminal History Calculation

The Government agrees with the Guidelines calculations set forth in the PSR. The Defendant is a career offender pursuant to U.S.S.G. § 4B1.1. PSR ¶ 18. Thus, the Defendant's criminal history is a category VI. PSR ¶ 41. Because the Defendant was convicted of violating 18 U.S.C. § 924(c), the advisory sentencing guidelines range is determined under U.S.S.G. § 4B1.1(c). PSR ¶ 18. The offense level is reduced by 3 because of the Defendant's acceptance of responsibility. U.S.S.G. § 3E1.1(a)-(b). Accordingly, pursuant to U.S.S.G. § 4B1.1(c)(3), the advisory sentencing guidelines range is 262-327 months.

## III. Analysis of the Factors Set Forth in 18 U.S.C. § 3553(a)

The factors set forth in 18 U.S.C. § 3553(a) include: (1) the nature and circumstances of the offenses; (2) the history and characteristics of the Defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the Defendant; (6) the need to provide the Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentencing disparity among defendants involved in similar conduct who have similar records. 18 U.S.C. § 3553(a).

As explained below, the recommended sentence of **96 months**, to be followed by a **term of supervised release of three years,** would be sufficient, but not greater than necessary, to accomplish the goals of the Sentencing Reform Act.

### a. Nature, Circumstances, and Seriousness of the Offense

A sentence of 96 months, to be followed by a term of supervised release of three years, is necessary in this case to reflect the seriousness of the offense. The Defendant possessed a loaded firearm. The Defendant is prohibited from possessing any firearms and his possession alone endangered the safety of himself and the public, as the gun-related acts of violence in Baltimore City continue to soar. Moreover, the Defendant possessed the loaded firearm in furtherance of drug trafficking. The Defendant was observed by Baltimore City Police on at least two occasions distributing narcotics. Detectives recovered two gel caps containing fentanyl from the second buyer, a female. Fentanyl is a substantial source of death in Maryland. According to the Maryland Opioid Operational Command Center, there were 1,129 opioid-related fatal overdoses linked to

fentanyl specifically in the first six months of 2021 alone.[1] Not only did the Defendant distribute fentanyl, but he was in possession of three grams of cocaine. Further, there is a demonstrated link between violence and the drug trade in Baltimore City. Accordingly, the Defendant's criminal conduct requires a significant period of incarceration that reflects the seriousness of the offense, and a 96-month sentence, to be followed by a term of supervised release of three years, accomplishes that objective.

### b. History and Characteristics of the Offender

At the age of 34, the Defendant has a lengthy criminal history dating back to 2007, consisting primarily of drug-related convictions. This conviction is the Defendant's second firearm-related conviction. The instant case demonstrates that the Defendant is still engaging in the same behavior for which he has previously been arrested and convicted.

While his history and characteristics clearly warrant a significant prison sentence, the Government has also taken into account the Defendant's decision to plead guilty when determining that 96 months is the appropriate sentence in this case.

### c. Adequate Deterrence and Protection from the Public

Finally, the need for deterrence is obvious. As noted above, the Defendant has repeatedly engaged in drug trafficking. The longest non-suspended sentence the Defendant has received to date is seven years for a possession with the intent to distribute conviction in the Howard County Circuit Court in 2013. PSR ¶ 27. The Defendant has not served as significant a sentence since. Further, a sentence of 96 months will be the longest sentence served by the Defendant to date. The Government hopes that the sentence will serve to both deter the public and deter the Defendant from engaging in firearm and narcotics-related offenses upon his release.

## IV. Conclusion

Based on the foregoing, the United States respectfully submits that a sentence of **96 months' imprisonment,** to be followed by a **term of supervised release of three years,** is fair, reasonable, and not greater than necessary.

Respectfully Submitted,

Erek L. Barron
United States Attorney

*/s/ Laura M. Ruppersberger*
Laura M. Ruppersberger
Special Assistant United States Attorney

---

[1] https://beforeitstoolate.maryland.gov/wp-content/uploads/sites/34/2021/09/OOCC-Q2-2021-Quarterly-Report.pdf (last accessed April 14, 2022).

Cc via e-mail David Walsh-Little, Esq.